# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD KRAFT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 08-1426 |
| | ) | CHIEF JUDGE AMBROSE |
| UNITED STATES PROBATION | ) | MAGISTRATE JUDGE BISSOON |
| DEPARTMENT, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that the Petition for Writ of Habeas Corpus filed by Richard Kraft be dismissed as moot.

### II. REPORT

This is a federal habeas petition filed pursuant to the provisions of 28 U.S.C. § 2241 by Richard Kraft, who alleges that a 1995 sentence of probation imposed in the United States District Court for the Northern District of West Virginia should already have expired. A Notice of Suggestion of Mootness (Doc. 9) has been filed, and attached thereto is a declaration from a United States Probation Officer who attests that Mr. Kraft's probation was terminated on October 23, 2008, two weeks after the instant petition was filed.

Pursuant to Article III, Section 2, of the United States Constitution, federal courts can only consider ongoing cases or controversies. Lewis v. Continental Bank, Corp., 494 U.S. 472, 477-78 (1990). When a habeas petitioner challenges his underlying conviction, and he is released during the pendency of his habeas petition, federal courts presume that "a wrongful

criminal conviction has continuing collateral consequences" sufficient to satisfy the injury requirement of a continuing case or controversy. Spencer v. Kemna, 523 U.S. 1, 8 (1998). When a petitioner does not attack his conviction, however, the injury requirement is not presumed. Chong v. District Director, INS, 264 F.3d 378, 384 (3d Cir. 2001). Here, Kraft's claim does not address his underlying conviction. Instead, the only relief Kraft seeks is to have his probation terminated. That has occurred, rendering the instant petition moot. Compare, Razzoli v. FCI-Allenwood, 200 Fed. Appx. 166, 169 (3d Cir.2006) (Non-Precedential) (release from custody mooted habeas petition alleging delayed release on parole, as the remedy sought through habeas had been granted by passage of time.)

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that this Petition for Writ of Habeas Corpus be dismissed as moot.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4 (B) of the Local Rules for Magistrates, objections to this Report and Recommendation are due by December 22, 2008.

s/Cathy Bissoon  
Cathy Bissoon  
United States Magistrate Judge

Dated: December 4, 2008

cc:
Richard Kraft
204 Soose Road
Pittsburgh, PA 15209